11-2892-cv
McGowan v. Federal Housing Authority

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

PRESENT:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
                  *Circuit Judges*,
             LAWRENCE E. KAHN,
                  *District Judge.*[*]

─────────────────────────────────

VERONICA MCGOWAN,

                    *Plaintiff-Appellant*,

          v.                                                    11-2892-cv

FEDERAL HOUSING AUTHORITY, AKA
MANAGER HUD, *et al*.,

                    *Defendants-Appellees*.

─────────────────────────────────

FOR PLAINTIFF-APPELLANT:          Veronica McGowan, *pro se*, Staten Island, NY.

FOR DEFENDANTS -APPELLEES:        Kelly D. MacNeal, Acting General Counsel, Donna
                                  M. Murphy and Jeffrey Niederhoffer, Of Counsel,
                                  New York City Housing Authority, New York, NY

─────────────────────

[*]Judge Lawrence E. Kahn, of the United States District Court for the Northern District of New York, sitting by designation.

(for defendant-appellee New York City Housing Authority).

Michael A. Cardozo, Corporation Counsel of the City of New York, Elizabeth S. Natrella, Of Counsel, Peter Gabrielli, Law Student on the Brief, New York, NY (for defendant-appellee City of New York).

Preet Bharara, United States Attorney for the Southern District of New York, Brandon H. Cowart and Sarah S. Normand, Assistant United States Attorneys, Of Counsel, New York, NY (for defendant-appellee United States Department of Housing and Urban Development).

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Veronica McGowan, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motions to dismiss her amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting the factual allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor. *See Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Additionally, "[o]n appeal from a judgment entered pursuant to Federal Rule of Civil Procedure 12(b)(1), we review conclusions of law de novo." *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (internal quotation marks omitted). "[W]here, as here, the case is at the pleading stage and no evidentiary hearings have been held," we accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Id.* at 83.

Here, we conclude that the district court properly granted the defendants' motions to dismiss for substantially the same reasons as those stated in the court's decision. As the district court indicated, McGowan failed to state a cause of action based on her allegation that the defendants had denied or unduly delayed her application for government housing assistance, primarily because she did not plausibly allege that the defendants' conduct was discriminatory or unconstitutional in violation of federal law. McGowan has not meaningfully challenged this conclusion on appeal.

We have considered all of McGowan's contentions on this appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3